PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:24-CR-00188-KJM |
|---|---|
| Plaintiff, | STIPULATION AND ORDER REGULATING DISCOVERY |
| v. | |
| SEAN RYAN ANGELO GRACE, | |
| Defendant. | |

**STIPULATION**

The United States of America (the "government") and defendant Sean Ryan Angelo Grace, by and through their respective counsel of record, hereby stipulate and agree as follows:

1. The government and the defendant request that the Court exercise its authority to regulate discovery involving underage victims, pursuant to 18 U.S.C. § 3509(d) and Rule 16(d) of the Federal Rules of Criminal Procedure.

2. Some of the discovery in this case contains personal identifying information of third parties and minor victims, including but not limited to their names, physical descriptions, addresses, online account usernames, contact numbers, and other identifiers.

3. The parties' stipulation and proposed Order applies to all discovery produced to or made available to defense counsel containing personal identifying information of third parties, minor victims, or minor witnesses (the "protected material").

STIPULATION AND PROTECTIVE ORDER                    1

4. When the government produces discovery to defense counsel, the government shall identify protected material as such by:

    a) Designating the protected material by Bates range via email, cover letter, or other written communication;

    b) Applying an identifying Bates stamp to the protected material that distinguishes protected material from non-protected discovery; or

    c) By any other means reasonably designed to give notice to defense counsel about what discovery qualifies as protected material.

5. Defense counsel shall not disclose any protected material or the contents of any protected material to any person other than the defendant, potential defense witnesses being prepared to testify at trial, counsel for any such defense witnesses, and employees of defense counsel who defense counsel deems reasonably necessary to assist in preparation for trial in this case (such as attorneys, paralegals, secretaries, experts, investigators, and law clerks).

6. The defendant may view protected material in the presence of defense counsel or a defense investigator, but the defendant may not retain a copy of any protected material nor may the defendant disseminate any protected material.

7. Protected material and the information it contains may only be used in connection with litigating this case. Protected material and the information it contains may not be used for any other purpose.

8. Defense counsel will store protected material in a secure location, such as a locked office or filing cabinet. Defense counsel shall use reasonable care to ensure that protected material is not disclosed to third parties in violation of this stipulation and proposed Order.

9. To the extent that protected material or any copies or reproductions of protected material exist in electronic form, such electronic protected material shall be stored on an encrypted storage medium or device that is protected by a secure password. Any password, encryption key, or other mechanism to decrypt any electronic storage medium containing protected material shall be stored in a separate location from the medium that those credentials unlock.

///

10. Should defense counsel make or cause to be made any copies of protected material, defense counsel will ensure that the following notice is written on each copy of protected material: "SENSITIVE MATERIAL – May Not Be Disseminated Except in Accordance With Court Protective Order."

11. If defense counsel releases custody of any protected material or copies of protected material to another person in accordance with the terms of this stipulation and proposed Order, defense counsel shall provide any recipients with a copy of the Order.

12. Defense counsel shall promptly advise the government of any subpoenas, document requests, or claims for access to protected material by any third parties, so that the government may take action to resist or comply with any such requests or demands.

13. Defense counsel agrees to be responsible for advising the defendant, any other members of the defense team, and any potential defense witnesses of the contents and requirements of this stipulation and proposed Order. If defense counsel desires to provide protected material to any other person in accordance with the provisions of this stipulation and Order, defense counsel may only do so after providing a copy of this stipulation and Order to the recipient of the protected material.

14. Should any counsel need to refer to a minor person during any pretrial public proceeding or in any non-sealed filing on the public docket for this case, counsel shall refer to any minor victim by the manner in which they are identified in the indictment (*i.e.*, "Minor Victim 1," "Minor Victim 2," etc.), or else by the first and last initials of the minor person being discussed.

15. If the defendant obtains new or additional counsel prior to the expiration of the terms of this stipulation and proposed Order, any new or additional counsel of record shall join in this stipulation and Order before viewing, receiving, or otherwise encountering protected material. Any new or additional defense counsel shall then become bound by the terms of this stipulation and Order. All defense counsel, regardless of whether they are relieved from representing the defendant at some point during the litigation, are subject to the terms of this stipulation and Order and are not relieved of the requirement to abide by its terms either by termination of their representation of the defendant or by conclusion of the case.

///

16. Upon final disposition of this case, including exhaustion of any direct and collateral appellate proceedings and defense counsel's ethical obligations to retain discovery in defense counsel's file, defense counsel shall return all protected material in its possession to the government. Alternatively, defense counsel shall certify in writing that all protected material was destroyed or else shall seek any requested relief from the Court. Should any protected material be used as exhibits by the defense, such exhibits shall be returned to the government along with other protected materials and stored with any government exhibits.

17. Nothing in this stipulation and proposed Order shall preclude a party from seeking more restrictive protective orders or other orders regarding particular items of discovery.

Dated: July 11, 2024

PHILLIP A. TALBERT
United States Attorney

/s/ SAM STEFANKI
SAM STEFANKI
Assistant United States Attorney

Dated: July 11, 2024

/s/ MIA CRAGER
MIA CRAGER
Counsel for Defendant
SEAN RYAN ANGELO GRACE

**ORDER**

IT IS SO FOUND AND ORDERED.

Dated: July 11, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE